IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: SHAD'S HANNA'S EAST INC.

CHARLES O. ZEBLEY, JR,

        Plaintiff,

        v.

DANIEL S. SOOM,

        Defendant.

12cv1150
**ELECTRONICALLY FILED**

### Memorandum Order re: Motion to Withdraw the Reference (Doc. No. 1)

**I. Introduction**

Currently before the Court is Defendant Daniel S. Soom's Motion to Withdraw the Reference, and Plaintiff's response in opposition thereto. Doc. Nos. 1 and 3. On June 15, 2012, Charles O. Zebley, the trustee for Shad's Hanna's East, Inc., filed a Trustee's Complaint against four Defendants, including Soom, in the Bankruptcy Court for the Western District of Pennsylvania. Doc. No. 1-4. The Complaint alleges, five counts against Soom: (1) Negligence (Count III); (2) Breach of Fiduciary Duty (Count IV); (3) Assumpsit (Count V); (4) Racketeering Influenced and Corrupt Organizations Act ("RICO") (Count VI); and (5) Statutory Conversion of Instrument (Count VIII). *Id*. For the following reasons, the Motion to Withdraw the Reference (doc. no. 1) will be DENIED.

**II. Standard of Review**

The Bankruptcy Code states that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

### A. Mandatory Withdrawal

While the United States Court of Appeals for the Third Circuit has not directly considered the situation of when a withdrawal of the reference is mandatory, the United States Court of Appeals for the Second Circuit has stated that withdrawal is mandatory when the case requires "significant interpretation, as opposed to simple application of federal laws apart from the bankruptcy statutes." *Falblaum v. Leslie Fay Cos., Inc.*, 182 F.3d 899 (2d Cir. 1999) (table) (quoting *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir.1991)).

### B. Permissive Withdrawal

The United States Court of Appeals for the Third Circuit has held that five (5) factors should be considered when deciding if cause has been shown for permissive withdrawal of the reference: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir.1990).

**III. Discussion**

    **A.  Withdrawal of the Reference Is Not Mandatory**

In the Trustee's Complaint, Zebley broadly alleges a legal malpractice action and, at issue, is Count VI of the Trustee's Complaint, wherein he alleges that Soom violated the RICO statute.  Although the United States Court of Appeals for the Third Circuit has not considered the issue, the United States Court of Appeals for the Seventh Circuit has held that even when there is the possibility of novel issues in a civil RICO action pending before the Bankruptcy Court, withdrawal of the reference is not mandatory.  *Matter of Vicars Ins. Agency, Inc.*, 96 F.3d 949 (7th Cir. 1996).   The Court finds the analysis of the United States Court of Appeals for the Seventh Circuit persuasive and finds that withdrawal of the reference is not mandated by the presence of a RICO claim such as this.

    **B.  Cause Has Not Been Shown For Permissive Withdrawal**

Soom has failed to make a showing of cause that the reference should be withdrawn at this time.  First, withdrawing the reference would not promote the uniform administration of bankruptcy proceedings.  In fact, this Court is of the view that it would detract from uniform administration.  The Bankruptcy Court routinely handles these types of matters (negligence, breach of fiduciary duty, etc.).  *E.g. In re Lemington Home for the Aged*, Adversary Proceeding No. 06-2448 (Bankr. W.D. Pa) (transferred to this Court when trial ready).  Next, withdrawing the reference would potentially promote forum shopping and would undoubtedly lead to confusion of the issues. Furthermore, withdrawing the reference would decrease economic efficiency because the case would be proceeding in both the Bankruptcy Court and in this Court, leading to confusion and potentially inconsistent rulings.  Moreover, withdrawing the reference would not expedite the bankruptcy process because the Court would first adjudicate certain

claims and then potentially return issues to the Bankruptcy Court for its determination. Finally, the timing of the request for withdrawal is premature. Therefore, no factor weighs in favor of permissive withdrawal; rather, all factors weigh against permissive withdrawal at this juncture.

### C. Withdrawal for the Possibility of A Jury Trial Is Not Appropriate

The Honorable Gary L. Lancaster, Chief Judge of this Court, has held, as have other District Courts, that the fact that a jury trial might be held in the future does not warrant immediate withdrawal of the reference. *In re American Capital Equipment,* LLC, 325 B.R. 372, 378 (W.D. Pa. 2005) (Lancaster, J.); *In re Northwestern Institute of Psychiatry, Inc.*, 268 B.R. 79, 84 (Bankr. E.D. Pa. 2001); *Commercial Fin. Servs. v. Brady (In re Commercial Fin. Servs.)*, 239 B.R. 586, 596 (N.D. Okla. 1999); *Barlow & Peek, Inc. v. Manke Truck Lines, Inc.*, 163 B.R. 177, 179 (D. Nev. 1993).

The speculative nature of a jury trial on the RICO count is great. *See* LCvR 7.1(B). Furthermore, as a matter of public policy, if this Court were to withdrawal the reference anytime a jury trial could potentially occur, it would encourage forum shopping between the Bankruptcy Court and the District Court. Also, there are other proceedings relating to Soom and the insurance company currently pending in the Bankruptcy Court. It would be more efficient to allow the Bankruptcy Court to oversee all of these proceedings. Therefore, the Court will decline to withdraw the reference at this time.

### IV. Conclusion

Withdrawal of the reference is not mandatory and Soom has not made a showing of cause that this Court should exercise its discretion to withdraw the reference. Furthermore, the mere possibility that a portion of this adversary proceeding may proceed to a jury trial at some future

date does not warrant withdrawal of the reference at such an early stage of the proceedings.

Therefore, the Motion to Withdraw the Reference (doc. no. 1) will be DENIED.[1]

**V. Order**

AND NOW, this 28th day of August, 2012, IT IS HEREBY ORDERED that the Motion to Withdraw the Reference (doc. no. 1) is DENIED without prejudice.

                                                        s/Arthur J. Schwab
                                                       United States District Judge

cc: All Registered ECF Counsel

---

[1] The Court recognizes that the parties take opposing views of whether this adversary proceeding is "core" or "non-core" to the bankruptcy proceeding. The Court will not resolve the issue at this time because whether the adversary proceeding is "core" or "non-core" does not impact the Court's resolution of the pending Motion to Withdraw the Reference (doc. no. 1).